824

Mae POSS, Plaintiff,

v.

Arthur S. FLEMMING, Secretary of Health, Education, and Welfare, Defendant.

Civ. A. No. 20246.

United States District Court
E. D. New York.

June 3, 1960.

Malcolm L. Fleischer, New York City, for plaintiff.

Cornelius W. Wickersham, Jr., U. S. Atty., Brooklyn, N. Y., for defendant. Malvern Hill, Jr., Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

ABRUZZO, District Judge.

These are companion motions. The plaintiff moves to modify the decision of the defendant rendered June 30, 1959. The defendant moves for summary judgment in favor of the defendant pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. A complaint was filed by the plaintiff and an answer interposed. An affidavit in support of the plaintiff's motion was submitted. Two briefs were submitted in support of plaintiff's motion and one in support of the motion for summary judgment by the defendant.

The action by the plaintiff is brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C.A. § 405(g), and seeks to review a final decision of Arthur S. Flemming, Secretary of Health, Education and Welfare.

On July 1, 1957, plaintiff filed an application for old age insurance benefits. In her complaint she alleges that she was entitled to benefits on wages of $4,200 earned in 1956 and $2,250 earned in 1957. The Bureau of Old Age and Survivors Insurance determined that plaintiff did not have the necessary quarters of coverage to qualify for the reason that the wages she received from her employers after 1953 could not be verified and, therefore, she was not insured and entitled to benefits under the Act. She requested a hearing before a Referee. The Referee reversed the Bureau and held that plaintiff had an insured status and was entitled to have wages credited to her account in the years 1953 through July 1, 1957, and that her wages for 1956 were $600 and $300 for 1957. Plaintiff's request for a review was denied by the Appeals Council.

The record before the Social Security Board was offered in evidence upon these two motions. Briefly, the important facts are as follows:

Alsam Holding Co., Inc., and Howard Funding Co., Inc., are real estate corpo-

rations. Each corporation owns an apartment building which they have owned for many years. The two corporations were formed some 25 years ago. In Alsam, Jacob, the husband of the plaintiff and a lawyer, owned 50 per cent of the stock, and his brother, Samuel, owned the other 50 per cent. In Howard, Jacob owned one-third of the stock, his brother, Samuel, one-third, and the remaining one-third is owned by H. D. Pasachoff, a nephew of the two brothers.

Plaintiff claims that her husband served as secretary of the two corporations until his resignation on July 1, 1956. In June, 1956, at a family dinner, plaintiff was advised that she would be designated secretary of the corporations effective July 1, 1956, in place of her husband. She also claims that in 1956 and 1957 no salary was paid to her husband and the salary apparently ordinarily paid to him was paid to her. Plaintiff became 65 years of age on September 21, 1957.

It is undisputed that the plaintiff performed secretarial and clerical services for these two corporations at home for upwards of 15 to 20 years without compensation. The Referee found that in 1953 the plaintiff requested payment for services rendered. He also found that Alsam agreed to pay plaintiff $50 a month and that she actually was paid this amount beginning in 1954 until 1957, and that any other amounts paid in 1956 and 1957 did not represent wages paid to her, and that any wages allegedly paid to her in fact represented wages paid to her husband. Howard did pay her some salary but what amount the record is not clear.

It is clear that, from the evidence, these corporations made profits from their real estate holdings, but instead of the profits being declared as dividends the stockholders were paid salaries in lieu of dividends.

The plaintiff cites Social Security Board v. Nierotko, 327 U.S. 358, 66 S. Ct. 637, 90 L.Ed. 718, as authority that the Social Security Board lacked the power to determine what compensation paid by employers should be treated as wages. However, on the same page that plaintiff cites, the Court said (327 U.S. at page 369, 66 S.Ct. at page 643):

> There may be borderline payments to employees on which courts would follow administrative determination as to whether such payments were or were not wages under the act.

At the hearing before the Referee, in a colloquy between the Referee and plaintiff's husband, the Referee stated (Tr. 181):

> Basically, the question is, was there a bona fide change in employment or was this merely a paper transaction to permit you to collect benefits and to permit her to become eligible for benefits?

The Referee's decision is based on the assumption that the plaintiff's appointment as secretary was not a bona fide change in employment. He held:

> Although the claimant affixed her signature to some corporate documents as secretary, the Referee finds that this was merely a superficial assumption of the duties of that office. He is convinced that in fact the claimant's husband, Jacob M. Poss, continued as a "moving spirit" in the operation of the corporations and as "Secretary" and that any payments made to the claimant for services as "Secretary" represented payments of wages to her husband.

The Court has scrutinized carefully the transcript of the hearing before the Referee. The testimony tends to cast doubt on whether the salary claimed by the claimant was a legitimate one or one for the purpose of building up Social Security benefits. The Referee in analyzing the proof had to contend with the fact that for 1956 and 1957 none of the checks issued by Howard was produced. As to plaintiff's failure to produce these checks, suffice it to say that the Referee as trier of the facts placed no credence in the affidavit submitted to him explaining plaintiff's failure to produce these checks, and of six checks issued by Alsam in 1956 totaling $2,150, one check

for $1,000 bore the notation "Repayment of Loan" (Ex. 32). The 1956 tax returns (Exs. 39 and 40) of both corporations, under Schedule "D," "Compensation of Officers," does not list plaintiff as secretary or any other officer of either corporation. These exhibits coupled with other factors are indicative of the fact that plaintiff's alleged appointment as secretary of both corporations was merely a paper transaction to permit both plaintiff and her husband to collect social security benefits.

Other factors are:

1. She did not know if there had ever been any official meeting of the directors or officers and that if there was she never attended one (Tr. 96).

2. She did not know whether she was a director or not (Tr. 96).

3. She was under the supervision of her husband, Jacob Poss, Alex Poss and an accountant *before* becoming Secretary and yet continued to work under their supervision *after* becoming Secretary even though her husband, Jacob Poss, had then theoretically resigned as Secretary (Tr. 81, 163).

4. She continued to do the typing and clerical work after she became Secretary that she did before she was Secretary (Tr. 161).

5. She did not increase her services on becoming Secretary but rather, as Secretary, she became responsible for any accidents which would take place in the buildings by reason of her position as an officer. She believed that her job as Secretary made her personally liable for injuries of the tenants on the property (Tr. 89).

6. She did not know whether she was a stockholder in the corporations (Tr. 76, 78).

7. She did not know the number of stores or apartments in the two buildings owned by the corporations (Tr. 78).

8. She did not recognize the names of Colon Harris and Booker Harris, the two building superintendents employed by the corporations (Tr. 139).

Based upon the facts adduced, the circumstances surrounding the change in salary of the plaintiff in 1956 and 1957 as compared with other years, and the lack of positive proof by checks issued by either corporation in 1956 and 1957, the Referee was justified in fixing the income for Social Security purposes at $600 a year.

The plaintiff's motion to modify the decision of the defendant is denied and the defendant's motion for summary judgment is granted.